# APPENDIX

**APP TAB A**   TEX. CIV. PRAC. & REM. CODE ANN.
§101.001-101.109...................................40

**APP TAB B**   TEX. LOC. GOV'T CODE ANN. §271.151 and
(West 2005)................................................41

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/6/2015 12:19:10 PM
DEBBIE AUTREY
Clerk

APP TAB A

CIVIL PRACTICE AND REMEDIES CODE

TITLE 5. GOVERNMENTAL LIABILITY

CHAPTER 101. TORT CLAIMS

SUBCHAPTER A. GENERAL PROVISIONS

Sec. 101.001.  DEFINITIONS.  In this chapter:

(1)  "Emergency service organization" means:

(A)  a volunteer fire department, rescue squad, or an emergency medical services provider that is:

(i)  operated by its members; and

(ii)  exempt from state taxes by being listed as an exempt organization under Section 151.310 or 171.083, Tax Code; or

(B)  a local emergency management or homeland security organization that is:

(i)  formed and operated as a state resource in accordance with the statewide homeland security strategy developed by the governor under Section 421.002, Government Code; and

(ii)  responsive to the Texas Division of Emergency Management in carrying out an all-hazards emergency management program under Section 418.112, Government Code.

(2)  "Employee" means a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control.

(3)  "Governmental unit" means:

(A)  this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;

(B)  a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water

improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority;

   (C) an emergency service organization; and

   (D) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

   (4) "Motor-driven equipment" does not include:

   (A) equipment used in connection with the operation of floodgates or water release equipment by river authorities created under the laws of this state; or

   (B) medical equipment, such as iron lungs, located in hospitals.

   (5) "Scope of employment" means the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority.

   (6) "State government" means an agency, board, commission, department, or office, other than a district or authority created under Article XVI, Section 59, of the Texas Constitution, that:

   (A) was created by the constitution or a statute of this state; and

   (B) has statewide jurisdiction.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.  Amended by Acts 1987, 70th Leg., ch. 693, Sec. 1, eff. June 19, 1987;  Acts 1991, 72nd Leg., ch. 476, Sec. 1, eff. Aug. 26, 1991;  Acts 1995, 74th Leg., ch. 827, Sec. 1, eff. Aug. 28, 1995;  Acts 1997, 75th Leg., ch. 968, Sec. 1, eff. Sept. 1, 1997.
Amended by:
  Acts 2011, 82nd Leg., R.S., Ch. 1101 (S.B. 1560), Sec. 1, eff. June 17, 2011.


  Sec. 101.002.  SHORT TITLE.  This chapter may be cited as the Texas Tort Claims Act.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Sec. 101.003. REMEDIES ADDITIONAL. The remedies authorized by this chapter are in addition to any other legal remedies.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

SUBCHAPTER B. TORT LIABILITY OF GOVERNMENTAL UNITS

Sec. 101.021. GOVERNMENTAL LIABILITY. A governmental unit in the state is liable for:
        (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
                (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
                (B) the employee would be personally liable to the claimant according to Texas law; and
        (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Sec. 101.0211. NO LIABILITY FOR JOINT ENTERPRISE. (a) The common law doctrine of vicarious liability because of participation in a joint enterprise does not impose liability for a claim brought under this chapter on:
        (1) a water district created pursuant to either Sections 52(b)(1) and (2), Article III, or Section 59, Article XVI, Texas Constitution, regardless of how created; or
        (2) a municipality with respect to the use of a municipal airport for space flight activities as defined by Section 100A.001 unless the municipality would otherwise be liable under Section 101.021.

(b)    This section does not affect a limitation on liability or damages provided by this chapter, including a limitation under Section 101.023.

Added by Acts 2001, 77th Leg., ch. 1423, Sec. 35, eff. June 17, 2001. Amended by:

Acts 2013, 83rd Leg., R.S., Ch. 50 (H.B. 278), Sec. 2, eff. September 1, 2013.


Sec. 101.0215.   LIABILITY OF A MUNICIPALITY.   (a)   A municipality is liable under this chapter for damages arising from its governmental functions, which are those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public, including but not limited to:

(1)   police and fire protection and control;

(2)   health and sanitation services;

(3)   street construction and design;

(4)   bridge construction and maintenance and street maintenance;

(5)   cemeteries and cemetery care;

(6)   garbage and solid waste removal, collection, and disposal;

(7)   establishment and maintenance of jails;

(8)   hospitals;

(9)   sanitary and storm sewers;

(10)   airports, including when used for space flight activities as defined by Section 100A.001;

(11)   waterworks;

(12)   repair garages;

(13)   parks and zoos;

(14)   museums;

(15)   libraries and library maintenance;

(16)   civic, convention centers, or coliseums;

(17)   community, neighborhood, or senior citizen centers;

(18)   operation of emergency ambulance service;

(19)   dams and reservoirs;

(20)   warning signals;

      (21)    regulation of traffic;

      (22)    transportation systems;

      (23)    recreational facilities, including but not limited to swimming pools, beaches, and marinas;

      (24)    vehicle and motor driven equipment maintenance;

      (25)    parking facilities;

      (26)    tax collection;

      (27)    firework displays;

      (28)    building codes and inspection;

      (29)    zoning, planning, and plat approval;

      (30)    engineering functions;

      (31)    maintenance of traffic signals, signs, and hazards;

      (32)    water and sewer service;

      (33)    animal control;

      (34)    community development or urban renewal activities undertaken by municipalities and authorized under Chapters 373 and 374, Local Government Code;

      (35)    latchkey programs conducted exclusively on a school campus under an interlocal agreement with the school district in which the school campus is located; and

      (36)    enforcement of land use restrictions under Subchapter E, Chapter 212, Local Government Code.

    (b)  This chapter does not apply to the liability of a municipality for damages arising from its proprietary functions, which are those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality, including but not limited to:

      (1)    the operation and maintenance of a public utility;

      (2)    amusements owned and operated by the municipality; and

      (3)    any activity that is abnormally dangerous or ultrahazardous.

    (c)  The proprietary functions of a municipality do not include those governmental activities listed under Subsection (a).

Added by Acts 1987, 70th Leg., 1st C.S., ch. 2, Sec. 3.02, eff. Sept. 2, 1987.  Amended by Acts 1997, 75th Leg., ch. 152, Sec. 1, eff.

Sept. 1, 1997;  Acts 1999, 76th Leg., ch. 1170, Sec. 2, eff. June 18, 1999;  Acts 2001, 77th Leg., ch. 1399, Sec. 1, eff. June 16, 2001. Amended by:

Acts 2013, 83rd Leg., R.S., Ch. 50 (H.B. 278), Sec. 1, eff. September 1, 2013.


Sec. 101.022.  DUTY OWED:  PREMISE AND SPECIAL DEFECTS.  (a) Except as provided in Subsection (c), if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b)  The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

(c)  If a claim arises from a premise defect on a toll highway, road, or street, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985. Amended by:

Acts 2005, 79th Leg., Ch. 281 (H.B. 2702), Sec. 2.88, eff. June 14, 2005.


Sec. 101.023.  LIMITATION ON AMOUNT OF LIABILITY.  (a) Liability of the state government under this chapter is limited to money damages in a maximum amount of $250,000 for each person and $500,000 for each single occurrence for bodily injury or death and $100,000 for each single occurrence for injury to or destruction of property.

(b)  Except as provided by Subsection (c), liability of a unit of local government under this chapter is limited to money damages in a maximum amount of $100,000 for each person and $300,000 for each single occurrence for bodily injury or death and $100,000 for each single occurrence for injury to or destruction of property.

(c)  Liability of a municipality under this chapter is limited to money damages in a maximum amount of $250,000 for each person and

$500,000 for each single occurrence for bodily injury or death and $100,000 for each single occurrence for injury to or destruction of property.

(d)   Except as provided by Section 78.001, liability of an emergency service organization under this chapter is limited to money damages in a maximum amount of $100,000 for each person and $300,000 for each single occurrence for bodily injury or death and $100,000 for each single occurrence for injury to or destruction of property.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.  Amended by Acts 1987, 70th Leg., 1st C.S., ch. 2, Sec. 3.03, eff. Sept. 2, 1987;  Acts 1995, 74th Leg., ch. 827, Sec. 2, eff. Aug. 28, 1995; Acts 1997, 75th Leg., ch. 968, Sec. 2, eff. Sept. 1, 1997.


Sec. 101.024.   EXEMPLARY DAMAGES.   This chapter does not authorize exemplary damages.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.025.   WAIVER OF GOVERNMENTAL IMMUNITY;   PERMISSION TO SUE.   (a)   Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter.

(b)   A person having a claim under this chapter may sue a governmental unit for damages allowed by this chapter.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.026.   INDIVIDUAL'S IMMUNITY PRESERVED.   To the extent an employee has individual immunity from a tort claim for damages, it is not affected by this chapter.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.027.   LIABILITY INSURANCE.   (a)   Each governmental unit other than a unit of state government may purchase insurance policies protecting the unit and the unit's employees against claims under this chapter.   A unit of state government may purchase such a policy only to the extent that the unit is authorized or required to do so under other law.

(b)   The policies may relinquish to the insurer the right to investigate, defend, compromise, and settle any claim under this chapter to which the insurance coverage extends.

(c)   This state or a political subdivision of the state may not require an employee to purchase liability insurance as a condition of employment if the state or the political subdivision is insured by a liability insurance policy.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.  Amended by Acts 1999, 76th Leg., ch. 1499, Sec. 1.01, eff. Sept. 1, 1999.


Sec. 101.028.  WORKERS' COMPENSATION INSURANCE.  A governmental unit that has workers' compensation insurance or that accepts the workers' compensation laws of this state is entitled to the privileges and immunities granted by the workers' compensation laws of this state to private individuals and corporations.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.029.  LIABILITY FOR CERTAIN CONDUCT OF STATE PRISON INMATES.  (a)  The Department of Criminal Justice is liable for property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an inmate or state jail defendant housed in a facility operated by the department if:

(1)   the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment;

(2)   the inmate or defendant would be personally liable to the claimant for the property damage, personal injury, or death according to Texas law were the inmate or defendant a private person acting in similar circumstances;  and

(3)   the act, omission, or negligence was committed by the inmate or defendant acting in the course and scope of a task or activity that:

(A)   the inmate or defendant performed at the request of an employee of the department;  and

(B)   the inmate or defendant performed under the control or supervision of the department.

(b)   A claimant may not name the inmate or state jail defendant whose act or omission gave rise to the claim as a codefendant in an action brought under this section.

(c)   A judgment in an action or a settlement of a claim against the Department of Criminal Justice under this section bars any action involving the same subject matter by the claimant against the inmate or state jail defendant whose act or omission gave rise to the claim. A judgment in an action or a settlement of a claim against an inmate or state jail defendant bars any action involving the same subject matter by the claimant against the Department of Criminal Justice under this section.

(d)   This section does not apply to property damage, personal injury, or death sustained by an inmate or state jail defendant.

Added by Acts 1995, 74th Leg., ch. 321, Sec. 1.108, eff. Sept. 1, 1995.   Amended by Acts 1999, 76th Leg., ch. 313, Sec. 1, eff. Sept. 1, 1999.


SUBCHAPTER C. EXCLUSIONS AND EXCEPTIONS

Sec. 101.051.   SCHOOL AND JUNIOR COLLEGE DISTRICTS PARTIALLY EXCLUDED.   Except as to motor vehicles, this chapter does not apply to a school district or to a junior college district.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.052.   LEGISLATIVE.   This chapter does not apply to a claim based on an act or omission of the legislature or a member of the legislature acting in his official capacity or to the legislative functions of a governmental unit.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.053.   JUDICIAL.   (a)   This chapter does not apply to a claim based on an act or omission of a court of this state or any member of a court of this state acting in his official capacity or to a judicial function of a governmental unit. "Official capacity" means all duties of office and includes administrative decisions or actions.

(b)   This chapter does not apply to a claim based on an act or omission of an employee in the execution of a lawful order of any court.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.  Amended by Acts 1987, 70th Leg., 1st C.S., ch. 2, Sec. 3.04, eff. Sept. 2, 1987.


Sec. 101.054.   STATE MILITARY PERSONNEL.   This chapter does not apply to a claim arising from the activities of the state military forces when on active duty under the lawful orders of competent authority.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.055.   CERTAIN GOVERNMENTAL FUNCTIONS.   This chapter does not apply to a claim arising:
        (1)   in connection with the assessment or collection of taxes by a governmental unit;
        (2)   from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others;   or
        (3)   from the failure to provide or the method of providing police or fire protection.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.  Amended by Acts 1987, 70th Leg., 1st C.S., ch. 2, Sec. 3.05, eff. Sept. 2, 1987;  Acts 1995, 74th Leg., ch. 139, Sec. 1, eff. Sept. 1, 1995.


Sec. 101.056.   DISCRETIONARY POWERS.   This chapter does not apply to a claim based on:
        (1)   the failure of a governmental unit to perform an act that the unit is not required by law to perform;   or
        (2)   a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or

nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.057.  CIVIL DISOBEDIENCE AND CERTAIN INTENTIONAL TORTS. This chapter does not apply to a claim:

(1)  based on an injury or death connected with any act or omission arising out of civil disobedience, riot, insurrection, or rebellion;  or

(2)  arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.058.  LANDOWNER'S LIABILITY.  To the extent that Chapter 75 limits the liability of a governmental unit under circumstances in which the governmental unit would be liable under this chapter, Chapter 75 controls.

Added by Acts 1995, 74th Leg., ch. 520, Sec. 4, eff. Aug. 28, 1995.


Sec. 101.059.  ATTRACTIVE NUISANCES.  This chapter does not apply to a claim based on the theory of attractive nuisance.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.060.  TRAFFIC AND ROAD CONTROL DEVICES.  (a)  This chapter does not apply to a claim arising from:

(1)  the failure of a governmental unit initially to place a traffic or road sign, signal, or warning device if the failure is a result of discretionary action of the governmental unit;

(2)  the absence, condition, or malfunction of a traffic or road sign, signal, or warning device unless the absence, condition, or malfunction is not corrected by the responsible governmental unit within a reasonable time after notice;  or

(3)  the removal or destruction of a traffic or road sign, signal, or warning device by a third person unless the governmental

unit fails to correct the removal or destruction within a reasonable time after actual notice.

(b)   The signs, signals, and warning devices referred to in this section are those used in connection with hazards normally connected with the use of the roadway.

(c)   This section does not apply to the duty to warn of special defects such as excavations or roadway obstructions.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.061.   TORT COMMITTED BEFORE JANUARY 1, 1970.   This chapter does not apply to a claim based on an act or omission that occurred before January 1, 1970.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.062.   9-1-1 EMERGENCY SERVICE.   (a)   In this section, "9-1-1 service" and "public agency" have the meanings assigned those terms by Section 771.001, Health and Safety Code.

(b)   This chapter applies to a claim against a public agency that arises from an action of an employee of the public agency or a volunteer under direction of the public agency and that involves providing 9-1-1 service or responding to a 9-1-1 emergency call only if the action violates a statute or ordinance applicable to the action.

Added by Acts 1987, 70th Leg., ch. 236, Sec. 2, eff. Aug. 31, 1987. Amended by Acts 1991, 72nd Leg., ch. 14, Sec. 284(3), eff. Sept. 1, 1991.


Sec. 101.063.   MEMBERS OF PUBLIC HEALTH DISTRICT.   A governmental unit that is a member of a public health district is not liable under this chapter for any conduct of the district's personnel or for any condition or use of the district's property.

Added by Acts 1991, 72nd Leg., ch. 476, Sec. 2, eff. Aug. 26, 1991.

This section was amended by the 84th Legislature. Pending publication of the current statutes, see S.B. 450, 84th Legislature, Regular Session, for amendments affecting this section.

Sec. 101.064. LAND ACQUIRED UNDER FORECLOSURE OF LIEN. (a) This section applies only to a municipality that acquires land at a sale following the foreclosure of a lien held by the municipality.

(b) This chapter does not apply to a claim that:

(1) arises after the date the land was acquired and before the date the land is sold, conveyed, or exchanged by the municipality; and

(2) arises from:

(A) the condition of the land;

(B) a premises defect on the land; or

(C) an action committed by any person, other than an agent or employee of the municipality, on the land.

(c) In this section, the term "land" includes any building or improvement located on land acquired by a municipality.

Added by Acts 1995, 74th Leg., ch. 139, Sec. 5, eff. Sept. 1, 1995; Acts 1995, 74th Leg., ch. 442, Sec. 1, eff. Sept. 1, 1995. Amended by Acts 1997, 75th Leg., ch. 712, Sec. 2, eff. June 17, 1997.


Sec. 101.065. NEGLIGENCE OF OFF-DUTY LAW ENFORCEMENT OFFICERS. This chapter does not apply to the wrongful act or omission or the negligence of an officer commissioned by the Department of Public Safety if the officer was not on active duty at the time the act, omission, or negligence occurred. This section applies without regard to whether the officer was wearing a uniform purchased under Section 411.0078, Government Code, at the time the act, omission, or negligence occurred.

Added by Acts 1995, 74th Leg., ch. 738, Sec. 2, eff. Sept. 1, 1995. Renumbered from Civil Practice and Remedies Code Sec. 101.058 by Acts 1997, 75th Leg., ch. 165, Sec. 31.01(9), eff. Sept. 1, 1997.


Sec. 101.066. COMPUTER DATE FAILURE. This chapter does not apply to a claim for property damage caused by a computer date failure as described by Section 147.003.

Added by Acts 1999, 76th Leg., ch. 128, Sec. 3, eff. May 19, 1999.

Sec. 101.067. GRAFFITI REMOVAL. This chapter does not apply to a claim for property damage caused by the removal of graffiti under Section 250.006, Local Government Code.

Added by Acts 2009, 81st Leg., R.S., Ch. 1130 (H.B. 2086), Sec. 27, eff. September 1, 2009.


SUBCHAPTER D. PROCEDURES

Sec. 101.101. NOTICE. (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
    (1) the damage or injury claimed;
    (2) the time and place of the incident; and
    (3) the incident.
(b) A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved.
(c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.102. COMMENCEMENT OF SUIT. (a) A suit under this chapter shall be brought in state court in the county in which the cause of action or a part of the cause of action arises.
(b) The pleadings of the suit must name as defendant the governmental unit against which liability is to be established.
(c) In a suit against the state, citation must be served on the secretary of state. In other suits, citation must be served as in other civil cases unless no method of service is provided by law, in which case service may be on the administrative head of the governmental unit being sued. If the administrative head of the governmental unit is not available, the court in which the suit is

pending may authorize service in any manner that affords the governmental unit a fair opportunity to answer and defend the suit.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985. Amended by Acts 1987, 70th Leg., 1st C.S., ch. 2, Sec. 3.06, eff. Sept. 2, 1987.


Sec. 101.103. LEGAL REPRESENTATION. (a) The attorney general shall defend each action brought under this chapter against a governmental unit that has authority and jurisdiction coextensive with the geographical limits of this state. The attorney general may be fully assisted by counsel provided by an insurance carrier.

(b) A governmental unit having an area of jurisdiction smaller than the entire state shall employ its own counsel according to the organic act under which the unit operates, unless the governmental unit has relinquished to an insurance carrier the right to defend against the claim.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.104. EVIDENCE OF INSURANCE COVERAGE. (a) Neither the existence nor the amount of insurance held by a governmental unit is admissible in the trial of a suit under this chapter.

(b) Neither the existence nor the amount of the insurance is subject to discovery.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.105. SETTLEMENT. (a) A cause of action under this chapter may be settled and compromised by the governmental unit if, in a case involving the state the governor determines, or if, in other cases the governing body of the governmental unit determines, that the compromise is in the best interests of the governmental unit.

(b) Approval is not required if the governmental unit has acquired insurance under this chapter.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

Sec. 101.106.    ELECTION OF REMEDIES.    (a)    The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b)    The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c)    The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d)    A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e)    If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f)    If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.    On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.    Amended by Acts 2003, 78th Leg., ch. 204, Sec. 11.05, eff. Sept. 1, 2003.


Sec. 101.107.    PAYMENT AND COLLECTION OF JUDGMENT.    (a)    A judgment in a suit under this chapter may be enforced only in the same manner and to the same extent as other judgments against the governmental unit are enforceable as provided by law, unless the

governmental unit has liability or indemnity insurance protection, in which case the holder of the judgment may collect the judgment, to the extent of the insurer's liability, as provided in the insurance or indemnity contract or policy or as otherwise provided by law.

(b)   A judgment or a portion of a judgment that is not payable by an insurer need not be paid by a governmental unit until the first fiscal year following the fiscal year in which the judgment becomes final.

(c)   If in a fiscal year the aggregate amount of judgments under this chapter against a governmental unit that become final, excluding the amount payable by an insurer, exceeds one percent of the unit's budgeted tax funds for the fiscal year, excluding general obligation debt service requirements, the governmental unit may pay the judgments in equal annual installments for a period of not more than five years.   If payments are extended under this subsection, the governmental unit shall pay interest on the unpaid balance at the rate provided by law.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.108.   AD VALOREM TAXES FOR PAYMENT OF JUDGMENT.   (a)   A governmental unit not fully covered by liability insurance may levy an ad valorem tax for the payment of any final judgment under this chapter.

(b)   If necessary to pay the amount of a judgment, the ad valorem tax rate may exceed any legal tax rate limit applicable to the governmental unit except a limit imposed by the constitution.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.


Sec. 101.109.   PAYMENT OF CLAIMS AGAINST CERTAIN UNIVERSITIES. A claim under this chapter against a state-supported senior college or university is payable only by a direct legislative appropriation made to satisfy claims unless insurance has been acquired as provided by this chapter.   If insurance has been acquired, the claimant is entitled to payment to the extent of the coverage as in other cases.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

APP TAB B

LOCAL GOVERNMENT CODE

TITLE 8. ACQUISITION, SALE, OR LEASE OF PROPERTY

SUBTITLE C. ACQUISITION, SALE, OR LEASE PROVISIONS APPLYING TO MORE
THAN ONE TYPE OF LOCAL GOVERNMENT

CHAPTER 271. PURCHASING AND CONTRACTING AUTHORITY OF MUNICIPALITIES,
COUNTIES, AND CERTAIN OTHER LOCAL GOVERNMENTS

SUBCHAPTER A. PUBLIC PROPERTY FINANCE ACT

Sec. 271.001. SHORT TITLE. This subchapter may be cited as the
Public Property Finance Act.

Acts 1987, 70th Leg., ch. 149, Sec. 1, eff. Sept. 1, 1987.


Sec. 271.002. PURPOSE. (a) The legislature finds that the
purchase or other acquisition or the use of property by governmental
agencies and the financing of those activities are necessary to the
efficient and economic operation of government.
(b) This subchapter promotes a public purpose by furnishing
governmental agencies with a feasible means to purchase or otherwise
acquire, use, and finance public property.

Acts 1987, 70th Leg., ch. 149, Sec. 1, eff. Sept. 1, 1987. Amended
by Acts 1993, 73rd Leg., ch. 752, Sec. 1, eff. Aug. 30, 1993.


Sec. 271.003. DEFINITIONS. In this subchapter:
(1) "Conservation and reclamation district" means a
district or authority organized or operating under Article III,
Section 52, or Article XVI, Section 59, of the Texas Constitution.
(2) "Contract" means an agreement entered into under this
subchapter but does not mean a contract solely for the construction
of improvements to real property.
(3) "Governing body" means the board, council, commission,
agency, court, or other body or group that is authorized by law to
acquire personal property for each respective governmental agency.

(3)   be responsible for a vendor's compliance with provisions relating to the quality of items and terms of delivery, to the extent provided in the agreement between the participating local governments or between a local government and a local cooperative organization.

(c)   A local government that purchases goods or services under this subchapter satisfies any state law requiring the local government to seek competitive bids for the purchase of the goods or services.

Added by Acts 1995, 74th Leg., ch. 746, Sec. 7, eff. Aug. 28, 1995.


SUBCHAPTER G. PURCHASES FROM FEDERAL SCHEDULE SOURCES OF SUPPLY

Sec. 271.103.   FEDERAL SUPPLY SCHEDULE SOURCES.   (a)   A local government may purchase goods or services available under Federal supply schedules of the United States General Services Administration to the extent permitted by federal law.

(b)   A local government that purchases goods or services under this subchapter satisfies any state law requiring the local government to seek competitive bids for the purchase of the goods or services.

Added by Acts 1997, 75th Leg., ch. 826, Sec. 2, eff. June 18, 1997.


SUBCHAPTER I.   ADJUDICATION OF CLAIMS ARISING UNDER WRITTEN

CONTRACTS WITH LOCAL GOVERNMENTAL ENTITIES

Sec. 271.151.   DEFINITIONS.   In this subchapter:

(1)   "Adjudication" of a claim means the bringing of a civil suit and prosecution to final judgment in county or state court and includes the bringing of an authorized arbitration proceeding and prosecution to final resolution in accordance with any mandatory procedures established in the contract subject to this subchapter for the arbitration proceedings.

(2)   "Contract subject to this subchapter" means:

(A)   a written contract stating the essential terms of the agreement for providing goods or services to the local

governmental entity that is properly executed on behalf of the local governmental entity; or

        (B)  a written contract, including a right of first refusal, regarding the sale or delivery of not less than 1,000 acre-feet of reclaimed water by a local governmental entity intended for industrial use.

        (3)  "Local governmental entity" means a political subdivision of this state, other than a county or a unit of state government, as that term is defined by Section 2260.001, Government Code, including a:

        (A)  municipality;

        (B)  public school district and junior college district; and

        (C)  special-purpose district or authority, including any levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, emergency service organization, and river authority.

Added by Acts 2005, 79th Leg., Ch. 604 (H.B. 2039), Sec. 1, eff. September 1, 2005.
Amended by:
    Acts 2013, 83rd Leg., R.S., Ch. 1138 (H.B. 3511), Sec. 2, eff. June 14, 2013.


    Sec. 271.152.  WAIVER OF IMMUNITY TO SUIT FOR CERTAIN CLAIMS.  A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

Added by Acts 2005, 79th Leg., Ch. 604 (H.B. 2039), Sec. 1, eff. September 1, 2005.


    Sec. 271.153.  LIMITATIONS ON ADJUDICATION AWARDS.  (a)  Except as provided by Subsection (c), the total amount of money awarded in